## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CRYSTAL DAVIS,** ) | |
| Individually and on Behalf of All Other ) | |
| Person Similarly Situated, ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 09cv11133-NG** |
| ) | |
| **FOOTBRIDGE ENGINEERING** ) | |
| **SERVICES, LLC** and **THE** ) | |
| **FOOTBRIDGE COMPANIES, LLC,** ) | |
| **Defendants.** ) | |

GERTNER, D.J.

### MEMORANDUM AND ORDER RE: PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS
### August 22, 2011

This is a class action involving claims by Crystal Davis ("Davis") and all others similarly situated ("FLSA Class Members") against Footbridge Engineering Services, LLC ("Footbridge"). Davis claims that Footbridge, a personal staffing business, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and Mass. Gen. Laws ch. 151, §§ 1A and 1B by failing to pay time and a half for overtime hours. Davis sought to recover unpaid overtime wages owed to her and the class, as well as other damages. Two years have passed since the original complaint was filed and the parties have settled for $208,500 and attorney's fees and costs. See Pl. Assented-To Mot. for Approval of Collective Action Settlement (document #85). The attorneys' fees are to be paid separately from the settlement amount for the plaintiffs, however, the parties could not agree as to the fee amount, leaving the matter to the Court. See Mem. in Supp. of Pl.'s Counsel's Mot. for Attorneys' Fees and Cost (document # 92).

In their Motion for Attorneys' Fees and Reply to Footbridge's Opposition, Plaintiffs' counsel requests that Footbridge pay $295,525.50 in attorneys' fees and $14,163.92 in costs for

hours spent by Plaintiffs' counsel through May 18, 2011, and an additional $40,080 in fees and $885.66 in costs spent since May 18, 2011, for a total of $350,655.08. Id.; see Pl.'s Reply Mem. in Supp. of Mot. for Attorneys' Fees (document # 98). Footbridge argues that Plaintiffs' attorneys' fees request is excessive and the proper amount for attorneys' fees should be no more than one-third of the recovery by the class - or $69,500. See Def. Opp'n (document #96).

As I explain below, I find Plaintiffs are entitled to attorneys' fees in the amount of $245,101.60 and costs in the amount of $15,049.58.

## I.    STANDARD OF REVIEW

Under the Fair Labor Standards Act, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b); see Diver v. Goddard Mem'l Hosp., 783 F.2d 6, 7 (1st Cir. 1986). In Hensley v. Eckerhart, the Supreme Court held the "most critical factor" in determining the reasonableness of an attorneys' fees award is "the degree of success obtained [within the litigation]." 461 U.S. 424, 436 (1983). In the instant case, there is no question as to the level of success. Plaintiffs were awarded overtime pay and received 87.5% of the maximum recoverable amount under the FLSA.[1] Plaintiffs' counsel are therefore entitled to attorneys' fees.

To determine the reasonableness of fees, the Court used the lodestar method. The lodestar method multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001) (quoting Hensley, 461 U.S. at 433). The Court may then adjust upwards or downwards

---

[1] The maximum recoverable award amount is $238,284.47. Plaintiffs' award amount was reduced only by 12.5%.

depending on the circumstances.  <u>Rogers v. Motta</u>, 655 F. Supp. 39, 43 (D. Mass. 1986).

Typically, a court may adjust downwards if there is a finding of unreasonable expenditure such

as duplicative or excessive work and overstaffing.  <u>Id.</u>  The court may also depart upwards due to

the complexity of issues and the quality of representation.  <u>Blum v. Stenson</u>, 465 U.S. 886, 887

(1984).

## II.    BACKGROUND

The Footbridge Companies, LLC is a personal staffing employer under the FLSA with its

principal office in Andover, Massachusetts.  <u>See</u> 1st Am. Compl. ¶ 7 (document #72).

Footbridge provides engineering and technology employees to clients throughout the United

States.  <u>Id.</u> at ¶9.  Davis began work with Footbridge in June 2008 and was assigned to

Tuscaloosa County, Alabama.  <u>Id.</u> at ¶¶5,10.  Footbridge paid Davis a set hourly rate for the

number of hours worked.  <u>Id.</u> at ¶11.  Davis and the FLSA Class Members regularly worked over

forty hours per work week.  <u>Id.</u> at ¶12.  Under the FLSA, hours worked in excess of forty are to

be counted as "overtime."  29 U.S.C. § 207.  Davis and the FLSA Class Members worked in

excess of forty hours a week and on such occasions were only paid their regular hourly rate.  <u>See</u>

Compl. at ¶¶14, 16.  Footbridge believed many of its employees were exempt from the FLSA's

overtime requirement pursuant to the computer professional exemption and thus only paid the

standard hourly rate for overtime hours.  <u>See</u> 29 U.S.C. § 213(a)(17).  Davis brought a claim

against Footbridge in violation of the FLSA and Mass. Gen. Laws ch. 151, §§ 1A and 1B.

On March 24, 2011, the parties notified the Court of their settlement agreement.  <u>See</u> Pl.

Assented-To Mot. for Approval of Collective Action Settlement.  According to the agreement,

Footbridge agreed to pay $208,500 to the FLSA Class Members.  <u>See</u> Settlement Agreement

(document #85-1).  The agreement further stated that Footbridge must pay Plaintiffs' counsel for attorneys' fees and costs.  <u>Id.</u> at 5.  If no agreement can be reached as to reasonable attorneys' fees, the Court is to decide the amount.  <u>Id.</u>

On April 26, 2011, I accepted the settlement agreement and ordered Plaintiff to file a motion for attorneys' fees with supporting documents.  <u>See</u> Order Granting Approval of Collective Action Settlement (document #89).  Plaintiff has done so and Footbridge has filed a motion in opposition. <u>See</u> Mem. in Supp. of Pl.'s Counsel's Mot. for Attorneys' Fees and Cost; Def. Opp'n.

## III.    DISCUSSION

Footbridge challenges Plaintiffs' Motion for Attorneys' Fees on the following grounds: 1) Plaintiffs' counsel should be entitled to recover no more than one-third of the recovery by the class, an amount equaling $69,500; and 2) in the alternative, the hourly rates and time spent by Plaintiffs' counsel are excessive and the fee award should be reduced to $102,285 and costs to $11,846.40, especially since there is no distinction between core and non-core work.  In order to determine the appropriate award of attorneys' fees, I will address each claim in turn.

### A.    Contingency Agreement

First, Footbridge argues that Plaintiffs' counsel should only be entitled to $69,500 or one-third of the recovery from the class because Plaintiffs' counsels' agreement with the class indicated that it would not seek more than one-third of the recovery fee and judicial estoppel should prevent Plaintiffs' counsel from recovering in excess of this amount.  <u>See</u> Def. Opp'n at 3-4.  I find this argument to be trivial.

Plaintiffs' counsel entered into an agreement with the class. Footbridge was not a party to that agreement and is not entitled to enforce it. In any event, the notice of settlement sent to the class members stated that if the parties cannot reach an agreement as to the amount of attorneys' fees, then the amount would be decided by the Court. <u>See</u> Mem. in Supp. of Assented-To Mot. for Approval of Collective Action Settlement (document #57-1). And the settlement agreement itself does not suggest that Plaintiffs' counsel is to be bound by the one-third contingency. The only reference in the settlement agreement – like the notice – is that if the parties cannot reach a solution, then the Court will determine reasonable fees under the usual lodestar approach. <u>See</u> <u>Walker v. Dovetails, Inc.</u>, No. 3:10cv526, 2010 U.S. Dist. LEXIS 141635, at *8 (E.D. Va. Nov. 30, 2010) ("A court may not ignore the lodestar approach in favor of a contingency-fee arrangement when determining an appropriate award of fees under FLSA.").

**B.      Reasonable Hourly Rate**

"The party seeking attorneys' fees bears the burden of establishing the reasonableness of the requested rate." <u>Marrotta</u>, 726 F. Supp. 2d at 4 (citing <u>Blum</u>, 465 U.S. at 895 n. 11). In order to satisfy this burden, Plaintiff must: 1) establish the experience and skill of her attorneys, and 2) inform the Court of the prevailing market rate in the community for similarly situated attorneys. <u>Mogilevsky v. Bally Total Fitness Corp.</u>, 311 F. Supp. 2d 212, 216 (D. Mass. 2004). Plaintiffs' counsel from Shapiro Baher & Umry request compensation at the following rates: Todd Heyman, partner, at $650 per hour; Adam Stewart and Robert Ditzion, associate attorneys, at $355 per hour; and paralegals at $210 per hour. Plaintiffs' counsel from Bruckner Burch request compensation at the following rates: Richard Burch, partner, at $565 per hour; Michael Burke, senior associate, at $425 per hour; David Moulton, an associate attorney, at $350 per hour;

Carole Fenton, a senior paralegal, at $170 per hour; and Sonia Galicia, a paralegal, at $140 per

hour.  See Mem. in Supp. of Pl.'s Counsel's Mot. for Attorneys' Fees and Cost at 9-11.  In

Plaintiff's motion, Plaintiff provides a detailed account of numerous awards and

accomplishments received by the individuals involved in the litigation as a testament to their

experience and skill level.  Id. at 11-15.

Shapiro Haber & Urmy is an eleven-lawyer firm with a national reputation for litigating a

variety of national class actions, including wage and hour matters.  Id. at 11.  Mr. Heyman,

manager of Shapiro's wage and hour practice, has been litigating wage and hour class actions for

over ten years and has given numerous speeches and presentation on wage and hour cases.  Id. at

12.  In 2009 and 2010, he was named a Massachusetts Rising Star in the field of employment

litigation.  Id.  Additionally, associates Adam Stewart and Robert Ditzion each joined Shapiro

Haber & Urmy after completing judicial clerkships in 2005.  Id. at 12 n.12.

Bruckner Burch is a firm that primarily represents employers in labor and employment

litigation.  Id. at 13-14.  Mr.  Burch, managing shareholder who has been a wage and hour

attorney for nearly 14 years, has litigated and negotiated multi-million dollar cases and

settlements and given various seminars and presentation on wage and hour litigation.  Id. at 14.

He was listed in "Best Lawyers in America" for labor and employment law and has been rated a

Texas "Super Lawyer."  Id.

Plaintiffs cite to my decision in Tuli v. Brigham & Women's Hospital, Inc., No.

09-cv-11133, 2009 U.S. Dist. LEXIS 129768 (D. Mass. June 8, 2009), as an indication of

comparable rates.  See Tuli, No. 09-cv-11133, 2009 U.S. Dist. LEXIS 129768, at *3-4.  Dr.

Sagun Tuli ("Tuli") brought numerous claims against her employer.  See Tuli, No. 09-cv-11133,

2009 U.S. Dist. LEXIS 129768, at *1.  Tuli filed suit against her employer for discrimination on the basis of gender and national origin, retaliation under the anti-discrimination laws, retaliation under the Massachusetts Healthcare Whistleblowers Act, Mass. Gen. Laws ch. 149, §187(b), intentional interference with advantageous relations and slander.  Id.  Tuli succeeded on some of her claims and moved for an award of attorney's fees.  Id.  The trial lasted twenty-one days, in which the parties filed numerous motions in limine, and the jury deliberated for three and a half days.  Id. at 5.  I approved rates ranging from $570-$735 for partners, $250-$495 for associates and $240-$275 for paralegals at the Boston law firm Brown Rudnick.  Id. at 3-4.  Plaintiffs contend since their rates are within the range, and slightly below  the rates I approved in Tuli, their current hourly rate request is reasonable.  See Mem. in Supp. of Pl.'s Counsel's Mot. for Attorneys' Fees and Cost at 10-11.  Footbridge argues, however, that the Plaintiffs' attorneys' fee request is not comparable to the wage and hour attorney rates within the Boston marketplace.  See Def. Opp'n at 12-14.

In Tuli, I found the rates awarded to Plaintiffs' counsel were consistent with the rates at large firms.  Tuli, No. 09-cv-11133, 2009 U.S. Dist. LEXIS 129768, at *4.  To be sure, this case was settled, not tried, but that difference is relevant only to the hours expended, not the hourly rate.  Moreover, while neither Shapiro nor Bruckner are large firms, that fact is not dispositive.  Plaintiff's employment work is usually done by small to medium sized firms.  While higher rates at the large firms may be justified by their higher overhead, the overhead and transaction costs of a class action litigation practice, particularly a national practice, is similarly high.  Compensation at a comparable rate to the Tuli counsel is justified.  Therefore, I adopt Plaintiffs' counsel's hourly rates.

**C.     Core Versus Non-Core Work**

Footbridge contends that Plaintiffs' attorneys' fees request should be reduced since Plaintiffs' counsel billed non-core work at an excessive rate.  <u>See</u> Def. Opp'n at 14-16.  "It is reasonable to distinguish between 'core' and 'non-core' work.  <u>Tuli</u>, No. 09-cv-11133, 2009 U.S. Dist. LEXIS 129768, at *6 (citing <u>Ciulla v. Rigny</u>, 89 F. Supp. 2d 97, 104-05 (D. Mass. 2000)). Typically, non-core work is billed at a reduced rate than core work.  <u>Brewster v. Dukakis</u>, 3 F.3d 488, 492 (D. Mass. 1993).  Footbridge claims that Plaintiffs' counsel's time sheets do not indicate an accurate record of the core vs. non-core time expended by counsel because of  Shapiro's "block billing" and Bruckner's vague entries.  Plaintiff counters that a recent Supreme Court decision and a recent decision from this Court eliminate the distinction between core and non-core work.  <u>See</u> Pl.'s Rely Mem. in Supp. of Mot. for Attorneys' Fees, at 7-8;  <u>Fox v. Vice,</u> 131 S. Ct. 2205, 2208 (2011); <u>Marrotta</u>, 726 F. Supp. 2d at 5.  I find Plaintiffs' argument to be unpersuasive.

In <u>Marrotta</u>, Judge Young stated "this Court, although previously distinguishing between the fee apportioned to core and non-core work, no longer recognizes such a distinction.  'The lodestar calculation will yield a presumptively correct result and additional tinkering merely serves to double count some factors.'"  <u>Id.</u> (citing <u>Sys. Mgmt., Inc. v. Loiselle</u>, 154 F. Supp. 2d 195, 209 (D. Mass. 2001)).  Significantly, however, Judge Young went on to say – "at the same time, this Court will not 'permit an attorney to recover his standard hourly rate . . . for performing tasks appropriate to either a less experienced lawyer or a secretary or paralegal.'"  <u>Id.</u> (quoting <u>McMillan v. Mass. Soc'y for Prevention of Cruelty to Animals</u>, 140 F.3d 288, 308 (1st Cir.

1998).  He folded this analysis into his determination of the reasonable hourly fee.  That approach, however, is one way to address the issue.  A percentage reduction is another. [2]

In accord with my approach in <u>Tuli</u>, I will deduct 30% from the total amount awarded to account for the failure to make the distinction between core and non-core work.[3]

### D.     Reasonable Hours

The attorney seeking fees bears the burden of providing to the Court the number of hours expended by "detailed time records."  <u>Grendel's Den, Inc. v. Larkin</u>, 749 F.2d 945, 952 (1st Cir. 1984).  Plaintiffs' counsel have submitted time records pertaining to the time spent litigating this case.  Footbridge claims Plaintiffs' counsel spent excessive amounts of time drafting various motions and conducted duplicate work by having more than one attorney present during conferences.  <u>See</u> Def. Opp'n at 16-20.  I find Plaintiffs' counsel spent a reasonable amount of time litigating this case and will not deduct for hours Footbridge claims as excessive.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Counsel's Motion for an Award of Attorneys' Fees and Costs (document #91) is **GRANTED IN PART**.  I hereby award the follow hourly rates:  $650 per hour for Todd Heyman; $355 per hour for Adam Stewart and Robert Ditzion; $210 per hour for Shapiro paralegals; $565 per hour for Richard Burch; $425 per hour for

---

[2] <u>Fox v. Vice</u>, __U.S. __, 131 S. Ct. 2205 (2011), to be sure, stands for the proposition that ."the essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." <u>Fox</u>, 131 S. Ct. at 2210.  But "rough justice" may surely require an inquiry into the core-non core issue even if it is not line by line.

[3] <u>See</u> <u>Tuli</u>, No. 09-cv-11133, 2009 U.S. Dist. LEXIS 129768, at *6, were I reduced hourly rates by 30% for non-core work.

Michael Burke;  $175 per hour for David Moulton[4]; $170 per hour for Carole Fenton; and, $140 per hour for Sonia Galicia.

I also award $40,080 in fees and $885.66 in costs spent since May 18, 2011, including filing the current Motion for Attorneys' Fees.  The total amount is **TWO HUNDRED FORTY-FIVE THOUSAND, ONE HUNDRED ONE AND 60/100 ($245,101.60) DOLLARS[5] in fees and FIFTEEN THOUSAND, FORTY-NINE AND 58 ($15,049.58) DOLLARS in costs.**

| Name of Firm | Name & Title | Requested Rate (hourly) | Awarded Rate (hourly) | Number of Hours |
|---|---|---|---|---|
| Shapiro Baher, & Umry LLP | Todd Heyman- Partner | $650 | $650 | 175.5 |
| | Adam Stewart- Associate | $355 | $355 | 132.1 |
| | Robert Ditzion- Associate | $355 | $355 | 55.2 |
| | Paralegals | $210 | $210 | 56.2 |
| Bruckner Burch PLLC | Richard Burch- Partner | $565 | $565 | 140.3 |
| | Michael Burke- Senior Associate | $425 | $425 | 39.5 |
| | David Moulton- Associate | $350 | $175 | 14.9 |
| | Carole Fenton-Sr. Paralegal | $170 | $170 | 5.9 |
| | Sonia Galicia- Paralegal | $140 | $140 | 6.3 |

**SO ORDERED.**

**Date:  August 22, 2011**          /s/ Nancy Gertner

                    **NANCY GERTNER, U.S.D.J.**

---

[4] David Moulton was not admitted to court pro hac vice and therefore was only able to work as an office researcher rather than sign pleadings or appear in court.  See Def. Opp'n at 14.  In Iverson, I reduced the hourly rate, from $150 to $75, for an attorney who was not admitted pro hac vice.  2008 U.S. Dist. LEXIS 19339, at *9-10;

[5] The 30% reduction has been taken into account.